IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICIA KOMAR,

    Plaintiff,

vs.                                                    No. CIV 01-546 JP/DJS

AMERICAN RECOVERY, INC.,
and FORD MOTOR CREDIT,

    Defendants.

and

FORD MOTOR CREDIT COMPANY,

    Defendant/Counterclaimant,

vs.

PATRICIA A. KOMAR,

    Defendant/Counterdefendant.

## MEMORANDUM OPINION AND ORDER

On February 13, 2002, Defendant Ford Motor Credit Company filed "Ford Motor Credit Company's Motion to Dismiss Complaint for Plaintiff's Failure to Comply with Court Orders" (Doc. No. 20). A copy of the motion had been served, by mailing to Plaintiff, on January 22, 2002. Plaintiff never served or filed a response to the motion to dismiss Plaintiff's complaint. Under the rules of this Court, D.N.M.LR-Civ. 7.6(a), Plaintiff had fourteen calendar days after service of the motion to serve and file a response. Plaintiff's failure to timely respond constitutes consent to the granting of the motion. D.N.M.LR-Civ. 7.5(b). On February 13, 2002, Defendant Ford Motor Credit Company also filed a "Notice of Briefing Completion" (Doc. No. 21) notifying

the Court that Plaintiff had not served a response to the motion to dismiss Plaintiff's complaint.

Defendant Ford Motor Credit Company seeks dismissal of Plaintiff's complaint against it with prejudice. This is an appropriate sanction only if five factors described in <u>Mobley v. McCormick</u>, 40 F.3d 337, 340 (10th Circuit 1994) and <u>Ahrenhaus v. Reynolds</u>, 965 F.2d 916, 921-22 (10th Circuit 1992) have been met. Those factors are:

1. **Degree of actual prejudice to the Defendant**.

Actual prejudice has been demonstrated by the entry of an order (Doc. No. 19) by United States Magistrate Judge Don J. Svet that imposed monetary sanctions in the amount of $503.67 by reason of Plaintiff's failure to comply with the Initial Scheduling Order and to attend a hearing on an order to show cause. The monetary sanction was for attorney's fees and costs incurred by Defendant Ford Motor Credit Company as a result of Plaintiff's failures. Plaintiff had been ordered to make payment of the monetary sanction by January 16, 2002, but Plaintiff has never paid any of the sanction. Moreover, Plaintiff has thwarted the efforts of Ford Motor Credit Company to obtain discovery and prepare its defenses. Actual prejudice is demonstrated by Plaintiff's repeated failures to participate in discovery despite leniency and extensions of deadlines.

2. **The amount of interference with the judicial process.**

On September 17, 2001, the United States Magistrate Judge filed an Initial Scheduling Order requiring the parties to meet and confer no later than October 11, 2001 to formulate a provisional discovery plan which was to be filed with the Court by October 25, 2001. The Initial Scheduling Order also set a scheduling conference in the chambers of the United States Magistrate Judge on November 5, 2001. In violation of the Initial Scheduling Order, the Plaintiff

did not meet and confer as required, did not participate in drafting the initial pretrial report and provisional discovery plan, and did not attend the scheduling conference before the United States Magistrate Judge on November 5, 2001. Consequently, on November 6, 2001, the United States Magistrate Judge filed an Order to Show Cause directing the Plaintiff to appear before the Court on November 28, 2001 to show cause why she did not attend the November 5, 2001 scheduling conference and why she had not participated in planning discovery. Plaintiff ignored the Order to Show Cause and did not appear before the United States Magistrate Judge on November 28, 2001 as she had been ordered to do. As previously noted, Plaintiff has ignored the rules of this Court by not responding to the motion to dismiss Plaintiff's complaint which was served on Plaintiff on January 22, 2002.

3. **The culpability of the litigant**.

The Plaintiff has repeatedly ignored the directives of the Court set forth in Court orders and has not communicated with counsel for Ford Motor Credit Company in an effort to plan discovery as required. In the early stages of this case, the Plaintiff requested the issuance of injunctive relief which was denied, without prejudice, because it had been presented in an improper form. In the order that denied Plaintiff's request for injunctive relief, the Court recommended that Plaintiff engage the services of legal counsel to guide her in this case. It is obvious that the Plaintiff ignored that suggestion.

4. **Whether the Court warned the Plaintiff that dismissal of her action would be a likely sanction.**

In the order filed December 17, 2001 imposing sanctions, the United States Magistrate Judge stated that, "Plaintiff's actions in this case appear to constitute a willful failure to obey the

Court's orders." The Magistrate Judge then explicitly stated the following warning:

> "Plaintiff is further put on notice that additional failures to comply with the Court's order could result in dismissal of this action."

Thereafter, Plaintiff failed to pay the monetary sanction ordered by the Court within the deadline established by the order and failed to comply with the rules of this Court by not responding to the motion to dismiss Plaintiff's complaint.

5. **The efficacy of lesser sanctions**.

At every step, Plaintiff has disregarded the Court's orders, Federal Rules of Civil Procedure relating to the planning of discovery, and the Local Rules of the District of New Mexico. It is clear that any sanction other than dismissing Plaintiff's complaint would not be efficacious.

IT IS THEREFORE ORDERED THAT:

1. Ford Motor Credit Company's Motion to Dismiss Complaint for Plaintiff's Failure to Comply with Court Orders (Doc. No. 20) is granted; and

2. Plaintiff's complaint against Defendant Ford Motor Credit Company will be dismissed with prejudice by a separate order of dismissal.

_____
CHIEF UNITED STATES DISTRICT JUDGE